10-5288-cv
LeVista, Inc. v. Ranbaxy Pharms., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand eleven.

PRESENT:  JOHN M. WALKER, JR.,
                    REENA RAGGI,
                    SUSAN L. CARNEY,
                              *Circuit Judges*.

---------------------------------------------------------------------

LEVISTA, INCORPORATED,
                    *Plaintiff-Appellant*,


                    v.                                                    No. 10-5288-cv

RANBAXY PHARMACEUTICALS, INCORPORATED,
                    *Defendant-Appellee*.

---------------------------------------------------------------------

APPEARING FOR APPELLANT:           ROBERT S. ARBEIT, Pinks, Arbeit, Boyle & Nemeth, Hauppauge, New York.

APPEARING FOR APPELLEE:            DAVID W. PHILLIPS, LeClairRyan, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on December 7, 2010, is AFFIRMED.

LeVista, Inc., appeals from the dismissal of its amended complaint for breach of contract. See Fed. R. Civ. P. 12(b)(6).[1] In reviewing the dismissal de novo, we assume the truth of all facts alleged in the amended complaint, as well as in documents attached to the original pleading on which LeVista continues to rely, and we draw all reasonable inferences in LeVista's favor. See Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany, 615 F.3d 97, 113-14 (2d Cir. 2010), cert. denied, 131 S. Ct. 1502 (2011); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). To avoid dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), which means that the plaintiff must plead sufficient factual content to allow a court to draw the "reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). Where, as here, the misconduct alleged is breach of a contract for the sale of goods, liability under New York's Uniform Commercial Code, which the parties agree controls this action, depends on (1) the existence of an agreement, (2) adequate

---

[1] Plaintiff's amended complaint was filed after the district court dismissed the initial complaint, and granted leave to replead the breach of contract claim. Insofar as the district court also dismissed with prejudice initial claims for tortious interference with business relations and specific performance, plaintiff does not appeal, and therefore we do not discuss these claims further.

performance by plaintiff, (3) breach by defendant, and (4) damages. See N.Y. U.C.C. § 2-102; Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004). In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

With respect to the first element, LeVista alleged that in May 2008, it entered into an agreement with defendant Ranbaxy Pharmaceuticals, Inc. ("Ranbaxy") whereby it agreed to purchase and Ranbaxy agreed to sell 25,000 bottles of the drug Cephalexin for $19/bottle less a cash discount of 2%, the sale to be effected through two deliveries as initially reflected in two purchase orders numbered 241 and 242. There is no question that Ranbaxy made the first delivery. Nevertheless, Ranbaxy disputes whether the parties ever reached an agreement as to the second delivery. Because the Statute of Frauds requires that a contract for the sale of goods in an amount over $500 be in a writing signed by the party against whom enforcement is sought, see N.Y. U.C.C. § 2-201, LeVista alleges that a June 16, 2008 email by Ranbaxy agent Tim Gustafson demonstrates defendant's acceptance of the alleged unilateral agreement for the sale of 25,000 bottles of Cephalexin. In that email, Gustafson implicitly acknowledges receipt of LeVista's two purchase orders as well as a $134,231.58 part payment for the first purchase order, and expresses an intent to "finalize the first half of the deal" in the future. Am. Compl. ¶ 10. We need not here decide whether these statements are sufficient plausibly to indicate Ranbaxy's agreement to both purchase orders as two halves of a single "deal," because even if we were to resolve that question favorably to LeVista, its contract claim would fail on the second element: its own performance.

3

Both the express terms of the parties' alleged agreement and their course of performance, see N.Y. U.C.C. § 2-208(2), demonstrate that Ranbaxy's delivery obligation under the second purchase order was not triggered because LeVista did not pay Ranbaxy any amount due under the purchase order in advance. The purchase orders purportedly agreed to by Ranbaxy were pre-printed forms, prepared by LeVista, stating that 50% of the purchase price for the order placed therein was to be paid upfront and 50% on receipt of the goods. The parties' course of performance, at least with respect to each shipment made under the first purchase order, in fact indicates full payment in advance. We need not here decide whether LeVista was obligated to pay 50% or 100% of the second purchase order in advance because LeVista does not—and apparently cannot—allege that it ever paid Ranbaxy anything with respect to the second purchase order.

In an effort to excuse its own failure of performance, LeVista alleges that Ranbaxy failed to provide it with the lot numbers and expiration dates required for the second part of the purchase agreement. It submits that Ranbaxy's agreement to this requirement is evidenced by the fact that, in response to LeVista's request for this information, Gustafson sent email replies on September 18, 2008, indicating that he would talk to LeVista's agent in the following days. Because Ranbaxy never supplied the information, LeVista maintains that defendant breached the agreement, and argues further that defendant never stated that it viewed plaintiff in breach of its agreement to pay. Like the district court, we conclude that the argument fails on the merits.

Nothing in the purchase orders or any other written document required Ranbaxy to provide LeVista with the lot numbers and expiration dates of drugs. Rather, the purchase

4

orders prepared by LeVista stated the lot numbers and expiration dates of the drugs at issue and required Ranbaxy to notify LeVista "immediately" if defendant could not ship the specified items. With respect to the first purchase order, Ranbaxy performed this obligation and advised LeVista that it would substitute a different lot number. Thus, while it may have been understandable that LeVista would seek Ranbaxy's confirmation that the lot numbers on the second order were to be as specified in the second purchase order, and while Ranbaxy may have indicated a willingness to discuss the point further, it was under no contractual obligation to provide such confirmation, so as to make its failure to follow up on its September 18 email a breach of contract absolving plaintiff of its performance obligation to make payment before shipment.

For the first time on appeal, LeVista argues that even if Ranbaxy is not in breach of its delivery obligations, it is in breach of the 2% cash discount provision of the contract with respect to the drugs it did deliver, making it liable to LeVista for $6,620.04 in damages. On appeal, Ranbaxy argues, as it did below, that these allegations in the amended complaint contradict LeVista's allegation in its original complaint that Ranbaxy "sold and delivered to the plaintiff 14,618 bottles," and that LeVista paid "$19.00 per bottle, less the cash discount of 2%." Compl. ¶ 10. While the district court did not address the issue in its opinion dismissing the amended complaint, see LeVista, Inc. v. Ranbaxy Pharms., Inc., No. 09-CV-0569 (SJF) (ARL), 2010 WL 5067843 (E.D.N.Y. Dec. 2, 2010), LeVista never argued to the district court that it was contractually entitled to the cash discount and damages for overpayment, and raises this claim for the first time before this court in the last three sentences of its brief. Accordingly, LeVista has waived this argument on appeal. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008).

5

We have considered LeVista's remaining arguments on appeal and have concluded that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court